[817 NYS2d 794]

In the Matter of WAYNE I. OHL, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, June 9, 2006

## APPEARANCES OF COUNSEL

*Daniel A. Drake, Principal Counsel, Seventh Judicial District Grievance Committee*, Rochester, for petitioner.

*Wayne I. Ohl*, Honeoye, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 20, 1974, and maintains offices for the practice of law in the Town of Mendon and the Hamlet of Honeoye. The Grievance Committee filed a petition charging respondent with misconduct, including failure to separate and identify funds and failure to comply with the procedures for attorneys in domestic relations matters. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. After the hearing, the Referee submitted a report, which the Grievance Committee moves to confirm.

The evidence before the Referee established that respondent ceased using an IOLA account as an attorney trust account and began using it as a personal account. He used the account for business as well as personal expenses and failed to change the name of the account or notify the bank or the IOLA Fund of the changed nature of the account. Respondent failed to maintain records of account activity, with the exception of copies of unnegotiated checks, and therefore was unable to produce such records when they were requested by the Grievance Committee. Additionally, the evidence established that in domestic relations matters, respondent used a written retainer agreement that did not comply with applicable rules and failed to provide the requisite billing statements to his clients at least every 60 days.

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 2-106 (c) (2) (b) (22 NYCRR 1200.11 [c] [2] [ii])—entering into an arrangement for, charging or collecting a fee in a domestic relations matter without a written retainer agreement signed by the lawyer and client setting forth in plain language the nature of the relationship and the details of the fee arrangement;

DR 2-106 (c) (3) (22 NYCRR 1200.11 [c] [3])—entering into an arrangement for, charging or collecting a fee that is proscribed by law or rule of court;

DR 2-110 (a) (3) (22 NYCRR 1200.15 [a] [3])—withdrawing from employment without refunding promptly any part of a fee paid in advance that has not been earned;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him;

DR 9-102 (d) (22 NYCRR 1200.46 [d])—failing to maintain required records of bank accounts; and

DR 9-102 (i), (j) (22 NYCRR 1200.46 [i], [j])—failing to make available to the Grievance Committee financial records required to be maintained by the Disciplinary Rules.

We note that respondent's disciplinary history includes a previous order of censure (*Matter of Ohl*, 223 AD2d 307 [1996]). We have considered in mitigation, however, that respondent did not convert funds or commingle personal funds with client funds. He performed the work for which his clients retained him, and no client was harmed as a result of his misconduct. Respondent has expressed remorse for his misconduct, has revised his retainer agreement to comply with 22 NYCRR 1400.3, and is now providing billing statements to his clients at regular intervals. Additionally, we note that respondent has suffered from clinical depression and gastrointestinal problems since 1996 as a result of a surgical procedure. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.

SCUDDER, J.P., GORSKI, GREEN, PINE and HAYES, JJ., concur.

Order of censure entered.