[964 NYS2d 785]

In the Matter of WAYNE I. OHL, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, April 26, 2013

## APPEARANCES OF COUNSEL

*Daniel A. Drake, Principal Counsel, Seventh Judicial District Grievance Committee*, Rochester, for petitioner.

*Wayne I. Ohl*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 20, 1974, and maintains an office in Mendon. The Grievance Committee filed a petition alleging five charges of misconduct against respondent, including misappropriating client funds, failing to comply with the Rules of Professional Conduct regarding financial record keeping and the maintenance of client funds, and failing to cooperate with the Grievance Committee. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. The Referee has submitted a report, which the Grievance Committee moves to confirm. In response to the motion, respondent continues to deny certain allegations of the petition and he has submitted various matters in mitigation. Respondent appeared before this Court on the return date of the motion and was heard in mitigation of the charges at that time.

With respect to charge one, the Referee found that, in September 2008, respondent was retained to represent a client in an action for divorce and the related sale of certain real property that was jointly owned by the client and her then-estranged spouse. The Referee found that, on September 15, 2008, respondent deposited into his trust account funds in the amount of $116,537.19, constituting the gross proceeds of the sale of the real property. The Referee further found that, respondent converted a portion of those funds when they were deposited

into his trust account inasmuch as the balance in the account at the time was at least $85,146.13 below that necessary to satisfy his obligations to others.

The Referee found that respondent thereafter made various disbursements on behalf of the client, resulting in a net balance owed to the client in the amount of $9,380.01. The Referee further found that, from September 2008 through November 2010, respondent failed to respond to numerous requests from the client for an accounting of the net proceeds of the real estate transaction. The Referee found and respondent admits that, with respect to the client's divorce matter, respondent over the course of the representation produced only one billing statement, which was provided to the Grievance Committee in November 2010 after the client discharged respondent and filed a disciplinary complaint against him. As found by the Referee, that billing statement indicates that, in September 2008, respondent disbursed from his trust account to a personal account funds in the amount of $9,380.01, and treated those funds as an advanced retainer fee in relation to the client's divorce matter.

The Referee found that, after the client discharged respondent, she proceeded on a pro se basis in the divorce action and, in February 2011, she contacted respondent and requested a copy of her file in order to prepare for a court appearance. The Referee found that respondent thereafter sent to the client an email message wherein he represented that, "as agreed," respondent was holding in his trust account the net balance of the proceeds of the real estate transaction, and he would release to the client a copy of her file if she authorized respondent to apply those funds to an alleged balance owed to respondent for legal fees. The Referee found that respondent's statement that he was holding the client's funds in his trust account was false inasmuch as respondent had transferred the funds to a personal account in September 2008.

In addition to the conduct detailed above, the Referee found in relation to charge one that respondent entered into a retainer agreement with the client that did not comply with the Appellate Division rules governing domestic relations matters inasmuch as the client was not afforded the right to receive itemized billing statements every 60 days or to cancel the agreement at any time. In addition, the Referee found that respondent failed to abide by the terms of the retainer agreement when he failed to provide to the client a copy of all documents and correspondence in relation to the divorce matter. Finally,

the Referee found that respondent on behalf of the client prepared a qualified domestic relations order without providing to the client a written retainer agreement in connection with that separate matter.

With respect to charge two, the Referee found that, in response to an allegation in this proceeding that respondent was holding in his trust account funds in the approximate amount of $420,000 that did not relate to any client matter, respondent provided to the Grievance Committee copies of a deposit slip and deposit receipt indicating that, in October 2007, respondent had deposited into his trust account, on behalf of an estate, funds in the amount of $464,935.35. In addition, in his verified answer to the petition in this matter, respondent asserted that he was executor for the estate in question and had continuously held those funds in his trust account. The Referee found that respondent thereafter failed to respond to numerous requests from the Grievance Committee for an accounting of the funds belonging to the estate and financial records for all transactions involving estate funds. The Referee further found that, from December 2010 through the date of the hearing in this matter, respondent produced to the Grievance Committee only certain financial records regarding the other funds held in his trust account, and he failed to produce all financial records requested by the Grievance Committee.

The Referee found that, as of September 2008, based upon the information that was available in this proceeding, respondent had a deficiency in his trust account of at least $85,146.13. The Referee further found that, from September 2008 through December 2010, respondent transferred from his trust account to various personal accounts funds in the amount of $490,488. Although respondent testified that those funds primarily consisted of legal fees to which he was entitled, the Referee found that respondent failed to produce financial records that might explain the nature of those transactions or justify unearned legal fees being deposited into his trust account in the first instance.

In addition to the trust account violations detailed above, the Referee found that, during the relevant time period, respondent arranged for certain clients to transfer to respondent funds in payment of legal fees by way of credit card transactions that were processed by a separate client. In five instances, the client that processed the transactions came into possession of funds belonging to another, unaffiliated client, and the funds were

ultimately transferred to respondent and deposited into his trust account.

With respect to charge three, the Referee found that respondent in relation to a child custody matter failed to provide to his clients a retainer agreement, itemized billing statements, or copies of documents relevant to their matter. In addition, the Referee found that respondent failed to keep his clients apprised of the status of their matter.

With respect to charge four, the Referee found that, in early 2010, a client retained respondent and paid him a retainer fee in the amount of $5,400. At the time, the client was the owner of a company that was named as a defendant in a federal civil lawsuit seeking unpaid wages allegedly owed to certain former employees. The Referee found that, as of April 2010, respondent knew that counsel of record to the company in the federal litigation had withdrawn from the matter and that the company was obligated to file a response to a recently filed amended complaint. The Referee found that, despite that knowledge, respondent failed to take action regarding the matter and failed to advise the client that he did not intend to represent the company in the federal litigation. A default judgment in the approximate amount of $85,000 was subsequently entered against the company in the federal litigation. The Referee found that any uncertainty as to whether the client retained respondent to represent the company in the federal litigation was attributable to respondent's failure to provide the client with a written retainer agreement or letter of engagement, as was required based on the fact that respondent received a retainer fee greater than $3,000 in connection with the matter.

With respect to charge five, the Referee found that respondent's disciplinary history and the conduct at issue in this matter constitute a course of conduct involving deceit, neglect of client matters, trust account violations and failure to cooperate with the Grievance Committee.

We confirm the factual findings of the Referee. We decline to sustain charge five, however, inasmuch as the allegations underlying that charge, i.e., that respondent has engaged in a course of conduct similar to misconduct for which he has already been disciplined, are more appropriately considered as a potential aggravating factor in this matter rather than as a separate charge of misconduct.

We conclude that respondent has violated the following former Disciplinary Rules of the Code of Professional Responsibility and the following Rules of Professional Conduct:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]) and rule 8.4 (c) of the Rules of Professional Conduct (22 NYCRR 1200.0)—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]) and rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0)—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]) and rule 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0)—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 2-106 (c) (2) (ii) (22 NYCRR 1200.11 [c] [2] [ii]) and rule 1.5 (d) (5) (ii) of the Rules of Professional Conduct (22 NYCRR 1200.0)—entering into an arrangement for, charging or collecting a fee in a domestic relations matter without a written retainer agreement signed by the lawyer and client setting forth in plain language the nature of the relationship and the details of the fee arrangement;

DR 2-106 (c) (3) (22 NYCRR 1200.11 [c] [3]) and rule 1.5 (d) (2) of the Rules of Professional Conduct (22 NYCRR 1200.0)—entering into an arrangement for, charging or collecting a fee proscribed by law or rule of court;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]) and rule 1.3 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0)—neglecting a legal matter entrusted to him;

DR 9-102 (a) (22 NYCRR 1200.46 [a]) and rule 1.15 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0)—misappropriating client funds and commingling client funds with personal funds;

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1]) and rule 1.15 (b) (1) of the Rules of Professional Conduct (22 NYCRR 1200.0)—failing to maintain client funds in a special account separate from his business or personal accounts;

DR 9-102 (c) (3) (22 NYCRR 1200.46 [c] [3]) and rule 1.15 (c) (3) of the Rules of Professional Conduct (22 NYCRR 1200.0)—failing to maintain complete records of all funds of a client coming into his possession and to render appropriate accounts to his client regarding them;

DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4]) and rule 1.15 (c) (4) of the Rules of Professional Conduct (22 NYCRR 1200.0)—failing to pay or deliver to a client in a prompt manner as requested by the client the funds, securities or other properties in his possession that the client is entitled to receive;

DR 9-102 (d) (1) (22 NYCRR 1200.46 [d] [1]) and rule 1.15 (d) (1) of the Rules of Professional Conduct (22 NYCRR 1200.0)— failing to maintain required records of bank accounts; and

DR 9-102 (d) (2) (22 NYCRR 1200.46 [d] [2]) and rule 1.15 (d) (2) of the Rules of Professional Conduct (22 NYCRR 1200.0)— failing to maintain a record for special accounts, showing the source of all funds deposited in such accounts, the names of all persons for whom the funds are or were held, the amount of such funds, the description and amounts, and the names of all persons to whom such funds were disbursed.

We have considered, in determining an appropriate sanction, respondent's substantial disciplinary history, which includes two letters of caution and two prior censures imposed by this Court (*Matter of Ohl*, 31 AD3d 122 [2006]; *Matter of Ohl*, 223 AD2d 307 [1996]). We have further considered the ongoing nature of the misconduct inasmuch as most of the conduct at issue in this matter is similar to conduct that, at least in part, gave rise to those prior disciplinary matters. In addition, although respondent states in this matter that he suffers from depression, anxiety and a gastrointestinal ailment, we have considered that he has made similar representations to this Court in response to prior allegations of misconduct. We have additionally considered that respondent in this proceeding has failed to submit to the Referee or this Court corroborating evidence, such as a sworn statement from his medical provider or medical records made contemporaneous with treatment, tending to establish a nexus between his medical conditions and his misconduct. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended from the practice of law for a period of two years and until further order of the Court.

Smith, J.P., Fahey, Carni, Sconiers and Valentino, JJ., concur.

Order of suspension entered.