OPINION OF THE COURT
Per Curiam.
Respondent was admitted to the practice of law by this Court on February 20, 1974, and formerly maintained an office in Mendon. By order entered April 26, 2013, this Court suspended respondent from the practice of law for a period of two years for professional misconduct that included misappropriating client funds, failing to make and keep required financial records concerning transactions involving client funds, and failing to cooperate in the investigation of the Grievance Committee (Matter of Ohl, 107 AD3d 106 [2013]). Respondent remains suspended from the practice of law pursuant to that order.
In September 2014, the Grievance Committee filed a petition alleging that respondent had violated the aforementioned order of suspension by practicing law and accepting legal fees. Respondent filed an answer denying material allegations of the petition, and this Court appointed a Referee to conduct a hearing. The Referee filed a report sustaining the allegations of misconduct, and the Grievance Committee moves to confirm those findings. Respondent filed a statement in mitigation and thereafter appeared before this Court and was heard in mitigation.
The Referee found that, in December 2013, a former client, who was not aware that respondent had been suspended from the practice of law, requested that respondent assist her spouse in filing for bankruptcy. The Referee found that respondent did not disclose that he was suspended, agreed to represent the spouse, and thereafter met with the former client and her spouse on several occasions to review documents relevant to their financial condition, to prepare paperwork to initiate the bankruptcy proceeding and to advise them regarding “what to expect in bankruptcy court.” The Referee further found that, in December 2013, respondent provided them with a letter that was printed on letterhead that bore the name of respondent’s former law firm, “Ohl and Axelson, Attorneys at Law,” and contained information regarding credit counseling that was required by the Bankruptcy Court. The Referee found that, in February 2014, respondent collected a fee in the amount of $2,650 for the bankruptcy matter. In addition, the Referee found that, in the course of preparing the aforementioned bankruptcy paperwork, respondent advised the parties that they *142 should have wills, which he agreed to prepare for a fee of $550, and he further advised them that they should revise the deed to their home for estate planning purposes. The Referee found that respondent thereafter provided the parties with proposed wills and certain paperwork related to the revised deed, and he accepted a check in the amount of $550 in payment of his fee for the wills. The Referee found that, in late February 2014, the clients discovered that respondent was suspended and, after they confronted him, they stopped payment on the check relating to the wills, and respondent refunded the fee they had paid for the bankruptcy matter.
Although respondent testified in mitigation during the hearing before the Referee that he did not at any time indicate to the clients that he was able to represent them in bankruptcy court, the Referee afforded little weight to that statement because this Court’s order of suspension prohibited respondent from engaging in the practice of law in any form, not just appearing in court. In aggravation of the charges, the Referee found that respondent has an extensive disciplinary history that includes four letters of caution issued by the Grievance Committee, two public censures imposed by this Court (Matter of Ohl, 31 AD3d 122 [2006]; Matter of Ohl, 223 AD2d 307 [1996]), and the current order of suspension.
Inasmuch as the findings of the Referee are supported by the record, we grant the Grievance Committee’s motion to confirm them and conclude that respondent has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):
rule 5.5 (a) — engaging in the unauthorized practice of law;
rule 8.4 (c) — engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;
rule 8.4 (d) — engaging in conduct that is prejudicial to the administration of justice; and
rule 8.4 (h) — engaging in conduct that adversely reflects on his fitness as a lawyer.
In determining an appropriate sanction, we have considered respondent’s failure to present any compelling mitigation and the numerous substantial aggravating factors relevant to this matter, including respondent’s extensive disciplinary history and the fact that the misconduct herein involves a calculated course of deceitful conduct for personal gain that was in direct violation of this Court’s April 2013 order of suspension. Accordingly, based upon all the factors in this matter, we conclude that respondent should be disbarred.
*143 Smith, J.P., Carni, Sconiers and Valentino, JJ., concur.
Order of disbarment entered.